UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MICHAEL COOK,

                    Petitioner,                       Case No. 1:16-cv-290

v.                                       Honorable Paul L. Maloney

RANDALL HAAS,

                      Respondent.
_____/

## <u>REPORT AND RECOMMENDATION</u>

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006).  After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.      Factual Allegations

Petitioner Michael Cook presently is incarcerated at the Macomb Correctional Facility.  He pleaded guilty in the Kalamazoo County Circuit Court to first-degree home invasion, Mich. Comp. Laws § 750.110a(2), stealing or retaining a financial transaction device without consent, Mich. Comp. Laws § 750.157n(1), and arson of personal property valued at more than $1,000.00 but less than $20,000.00, Mich. Comp. Laws § 750.74.  On May 28, 2013, he was sentenced to respective prison terms of seven years and three months to twenty years, one to four years, and one to five years.

Petitioner did not seek leave to appeal his convictions to either the Michigan Court of Appeals or the Michigan Supreme Court.  On September 18, 2015, Petitioner filed a motion for relief from judgment in the Kalamazoo County Circuit Court, which was denied on October 6, 2015.  Petitioner filed a delayed application for leave to appeal to the Michigan Court of Appeals, raising a single ground for relief:  ineffective assistance of trial and appellate counsel in failing to recognize and challenge Petitioner's competency to plead guilty, where he was intellectually impaired, mentally ill and illiterate.  The court of appeals denied leave to appeal on April 8, 2016.  Petitioner has filed an application for leave to appeal to the Michigan Supreme Court, which is still pending.

Petitioner filed his habeas application on or about March 11, 2016.[1]

---

[1]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court.  *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).  Petitioner dated his application on March 11, 2016, and it was received by the Court on _March 18, 2016.  Thus, it must have been handed to prison officials for mailing at some time between March 11 and 18, 2016.  For purposes of this Report and Recommendation, I have given Petitioner the benefit of the earliest possible filing date.  *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

- 2 -

II.   Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA).  Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

### A.   Analysis Under § 2244(d)(1)(A)

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured.  Under that provision, the one-year limitations period runs from "the

date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  According to paragraph nine of Petitioner's amended application, Petitioner did not appeal to the Michigan Court of Appeals and the Michigan Supreme Court.  Where a petitioner has failed to properly pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A).  *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*.") (emphasis added).  Petitioner had six months, or  until November 27, 2013, in which to file a delayed application for leave to appeal in the Michigan Court of Appeals.  *See* MICH. CT. R. 7.205(G)(3).  Because Petitioner failed to file a timely appeal to the Michigan Court of Appeals, his conviction became final when his time for seeking review in that court expired.  *See Williams v. Birkett*, 670 F.3d 729, 731 (6th Cir. 2012) (holding that a defendant's conviction became final when the time for seeking review under the former provision, Mich. Ct. R. 7.205(F)(3), expired); *see also Gonzalez v. Thaler*, 132 S. Ct. 641, 655 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time expires for seeking state-court review).

Petitioner had one year from November 27, 2013, or until November 27, 2014, in which to file his habeas application.  Petitioner filed his original petition on March 1, 2016.  Obviously, he filed more than one year after the time for direct review expired.  Thus, absent tolling, his application is time-barred.

- 4 -

Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d at 490). Because Petitioner's one-year period expired on November 27, 2014, his collateral motion filed on November 18, 2015, did not serve to revive the limitations period.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260. In order to rise to the level of an

- 5 -

extraordinary circumstance that would support equitable tolling, "a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Hall v. Warden, Labanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011).

Petitioner arguably invokes equitable tolling:

> I had been trying to fight this case ever [sic] day that been down & I had 2 appeal attorneys that didn't want to fight my case then I had an [sic] non-attorney legal writer program help me and I am mentally ill and been down 4 years try to fight this case.

(Am. Pet., ECF No. 7, Page ID.66.)  In *Ata v. Scutt*, 662 F.3d 736, 741-42 (6th Cir. 2011), the Sixth Circuit adopted the reasoning of an unpublished Sixth Circuit decision, *McSwain v. Davis*, 287 F. App'x 450, 456 (6th Cir. 2008), holding that, in some cases, mental illness may rise to the level of an extraordinary circumstance within the meaning of *Holland*, 130 S. Ct. at 2560.  *Ata*, 662 F.3d at 742.  To prove that his mental illness should toll the statute of limitations, a petitioner must demonstrate that (1) he is mentally incompetent, and (2) his incompetence caused his failure to comply with the AEDPA statute of limitations.  *Id.* "[A] blanket assertion of mental incompetence is insufficient to toll the statute of limitations. Rather, a causal link between the mental condition and untimely filing is required."  *Ata*, 662 F.3d at 742.  In addition, the court applied the standard set forth in *Schriro v. Landrigan*, 550 U.S. 465, 474-75 (2007), to determine whether the petitioner had made a sufficient showing to warrant an evidentiary hearing.  An evidentiary hearing is only required when the petitioner's allegations are sufficient to support equitable tolling and the assertions are not refuted by the record or otherwise without merit.  *Id*.

Petitioner wholly fails to meet the standard set forth in *Ata* for determining that his mental illness rendered him incompetent to comply with the statute of limitations.  He has provided

no evidence that his mental illness ever caused him to be incompetent, much less that his incompetence precluded him from pursuing any state-court relief over the more than two-and-one-half years between his sentence and the filing of his motion for relief from judgment.

In addition, to the extent that Petitioner suggests that his trial and appellate attorneys were ineffective. A "garden variety claim of excusable neglect," such as a simple miscalculation of the limitations period, does not warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631, 651 (2010). "Tolling based on counsel's failure to satisfy AEDPA's statute of limitations is available only for 'serious instances of attorney misconduct.'" *Christeson v. Roper*, 135 S. Ct. 891, 894 (2015) (quoting *Holland*, 560 U.S. at 651-52). Petitioner suggests in his attachments to his original petition that his attorney failed to file a timely appeal of his conviction. In *Keeling v. Warden*, 673 F.3d 452, 463-64 (6th Cir. 2012), the Sixth Circuit held that an attorney's failure to notify a petitioner that the state court or appeals had affirmed his conviction, thereby triggering the statute of limitations, could in some circumstances warrant equitable tolling. Arguably, an attorney's failure to file a timely appeal, if unknown to a petitioner, might warrant equitable tolling for some period. But Petitioner does not suggest that he was unaware that his attorney had not pursued an appeal. Moreover, even if counsel was ineffective in failing to file a timely direct appeal, Petitioner cannot demonstrate that he acted with the requisite diligence, given that he did not file his motion for relief from judgment until more than two-and-one-half years after his sentence was imposed. *See id.* (holding that a petitioner was not entitled to equitable tolling because he waited three years before taking any action) (citing *Robinson v. Easterling*, 424 F. App'x 439, 443 (6th Cir. 2011) (holding that a petitioner who waited 18 months to take action had not been sufficiently diligent).

- 7 -

Further, Petitioner's claim that he is illiterate does not entitle him to equitable tolling. In *Cobas v. Burgess,* 306 F.3d 441 (6th Cir. 2002), the Sixth Circuit held that a lack of literacy does not necessarily warrant equitable tolling:

> An inability to speak, write and/or understand English, in and of itself, does not automatically give a petitioner reasonable cause for failing to know about the legal requirements for filing his claims.

*Id.* at 644. *See also Noles v. Jenkins*, No. 3:15-CV-587, 2016 WL 916695, at *2 (N. D. Ohio Mar. 9, 2016). Here, although Petitioner claimed in his brief on appeal of his motion for relief from judgment that he was illiterate, his petition contains no evidence to support his claim. Moreover, Petitioner acknowledged in the same brief on appeal that he admitted in open court that he could read. (ECF No. 1-1, PageID.24-25.) He also admitted that the plea had been explained to him, that his attorney had explained the rights he was giving up, and that he understood that he would be waiving those rights. (*Id.*, PageID.23.) Under these circumstances, Petitioner fails to demonstrate either that he was illiterate or that his illiteracy warrants equitable tolling.[2]

Further, to the extent that Petitioner claims that he needed the legal assistance to prepare his state-court pleadings, this alone is not sufficient to warrant equitable tolling. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005) ("ignorance of the law alone is not sufficient to warrant equitable tolling."). Furthermore, Petitioner's ability to rely on prison legal assistance is further evidence that Petitioner's disabilities were not the cause of his untimely habeas petition. *See Plummer v. Warren*, 463 F.

---

[2]The Court also notes that Petitioner appears to have drafted his handwritten original and amended petitions, without the assistance of prison legal writers. As a result, Petitioner's claim that he is illiterate also appears unsupported for this additional reason.

App'x 501, 506 (6th Cir. 2012) (stating that, because the petitioner "was not doing her own legal work, her physical disabilities could not have impacted the timeliness of their filing").

For all these reasons, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 1936.

In the instant case, Petitioner does not even allege that he was actually innocent. In addition, he proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable jury would have convicted him. *Schlup*, 513 U.S. at 329. Because Petitioner has wholly failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His habeas petition therefore is time-barred, when analyzed under § 2244(d)(1)(A).

**B.      Analysis Under § 2244(d)(1)(D)**

Petitioner stated in his original petition that his fourth ground for habeas relief, involving police misconduct in obtaining evidence of the offense, was newly discovered.  He therefore appears to suggest that his statute of limitations should be calculated from the date of his discovery of the claim, under § 2244(d)(1)(D).

Petitioner's habeas application also is time-barred when analyzed under § 2244(d)(1)(D).  That section provides that the period of limitations runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id.*  Under § 2244(d)(1)(D), the time under the limitations period begins to run is when a petitioner knows, or through due diligence, could have discovered, the important facts for his claims, not when the petitioner recognizes the legal significance of the facts.  *See Redmond v. Jackson*, 295 F. Supp. 2d 767, 771 (E.D. Mich. 2003) (citing *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000).  Section 2244(d)(1)(D) "does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim.  *Id.* (quoting *Sorce v. Artuz*, 73 F. Supp. 2d 292, 294-95 (E.D.N.Y. 1999))."  *Id.*  "Rather, it is the actual or putative knowledge of the pertinent facts of a claim that starts the clock running on the date on which the factual predicate of the claim could have been discovered through due diligence, and the running of the limitations period does not await the collection of evidence which supports the facts, including supporting affidavits."  *Id.* (citing *Tate v. Pierson*, 177 F. Supp. 2d 792, 800 (N.D. Ill. 2001), and *Flanagan v. Johnson*, 154 F.3d 196, 198-99 (5th Cir. 1998)).  Furthermore, a habeas petitioner has the burden of proof in establishing that he exercised due diligence in searching for the factual predicate of the habeas claims.  *Stokes v. Leonard*, 36 Fed. Appx. 801, 804 (6th Cir. 2002).

In his fourth ground for habeas relief, Petitioner claims that the police used illegal tactics in obtaining his confession and other evidence of the crime. Notwithstanding his claim that the allegedly unlawful police tactics were newly discovered, the facts concerning such tactics were or should have been known to Petitioner at the time he entered his guilty plea. *Redmond*, 295 F. Supp. 2d at 771. Petitioner therefore is not entitled to calculation of the limitations period under § 2244(d)(1)(D).

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

## **Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Dated:  June 20, 2016                                   /s/ Ray Kent
                                                         RAY KENT
                                                         United States Magistrate Judge

- 11 -

## <u>NOTICE TO PARTIES</u>

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).