UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL COOK, )
    Petitioner, )
 ) No. 1:16-cv-290
-v- )
 ) HONORABLE PAUL L. MALONEY
RANDALL HAAS, )
    Respondent. )
_____)

## ORDER

On June 20, 2016, the Magistrate Judge issued a report and recommendation (ECF No. 8), which "recommend[ed] that the habeas corpus petition be denied because it is barred by the one-year statute of limitations." (*Id.* at PageID.73.)

### I. STATEMENT OF FACTS

Petitioner takes no issue with the factual timeline that the Magistrate Judge lays out. Since Petitioner only lodges an objection that, at most, insufficiently sounds in equitable tolling, the Court **ADOPTS** the Magistrate Judge's report. (ECF No. 8.)

### II. LEGAL FRAMEWORK

With respect to a dispositive motion, a magistrate judge issues a report and recommendation, rather than an order. After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those

objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

III. ANALYSIS

Petitioner asserts that he "didn't know that [he] had a one[-]year statute of limitations to file [his] petition." (ECF No. 9 at PageID.86.) He further reiterates that 1) he is "not an attorney," 2) he had two appellate attorneys who "didn't want to fight [his] case" and a "non[-]attorney legal writer that kept putting [him] off so [he] couldn't get [his] case back in court," 3) he is mentally ill, and 4) he is "illiterate because [he] never got a high school diploma or a ged [sic]."

The Court will note that Petitioner's arguments have already been directly refuted by the Magistrate Judge, and the objection does not "pinpoint those portions of the magistrate's report that the district court must specifically consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the

parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider").

Accordingly, Petitioner has waived any objection. Petitioner has not identified the particular portions of the Magistrate Judge's report and recommendation which were in error. Even if he has not waived any objection, however, he advances unsupported, "garden-variety" excuses that do not warrant equitable tolling in this case.

The one-year limitation period runs from the latest of several periods. *See* 28 U.S.C. § 2244(d). In this case, Petitioner had one year from the date of his *criminal* conviction (November 27, 2014) to file his petition or to otherwise toll the running limitations period. He filed more than one year after the time for direct review expired. (ECF No. 8 at PageID.74.)

As the Magistrate Judge already noted, "a blanket assertion of mental incompetence is insufficient to toll the statute of limitations. Rather, a causal link between the mental condition and untimely filing is required." *Ata v. Scutt*, 662 F.3d 736, 741–42 (6th Cir. 2011). Petitioner provided "no evidence that his mental illness ever caused him to be incompetent, much less that his incompetence precluded him from pursuing any state-court relief over the more than two-and-one-half years between his sentence and the filing of his motion for relief from judgment." (ECF No. 8 at PageID.77.)

In addition, "a garden variety claim of excusable neglect," such as an unawareness of the limitations period, does not warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631, 651 (2010); *see also Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005) ("[I]gnorance of the law alone is not sufficient to warrant equitable tolling."). Moreover, a petitioner's reliance on

3

prison legal assistance does not suffice. *See, e.g., Plummer v. Warren*, 463 F. App'x 501, 506 (6th Cir. 2012).

Further, a petitioner's bald claim of illiteracy is insufficient for "reasonable cause for failing to know about the legal requirements for filing his claims." *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). The Court will also note that just because Petitioner did not finish high school does not make him illiterate—indeed, he has drafted his own petition, read the Magistrate's report and recommendation, and filed an (albeit insufficient) objection.

Finally, Petitioner has not advanced an argument that would excuse the limitations period. The Magistrate Judge's report and recommendation as to "newly discovered" evidence and the absence of any assertion of "actual innocence" was not objected to by Petitioner. (ECF No. 8 at PageID.79–81.)

The Court **OVERRULES** Petitioner's objections as waived and in any event, non-meritorious. (ECF No. 9.)

The Report and Recommendation is **ADOPTED** in full as the opinion of this Court. (ECF No. 8.). A certificate of appealability is **DENIED**.

## CERTIFICATE OF APPEALABILITY

A district court must issue a certificate of appealability either at the time the petition for writ of habeas corpus is denied or upon the filing of a notice of appeal. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (per curiam).

A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). *See Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). To satisfy this standard, the petitioner must

show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 483 (2000)). Courts should undertake an individualized determination of each claim presented by the petitioner when considering whether to issue a certificate of appealability. *Murphy v. Ohio*, 551 F.3d 485, 492 (6th Cir. 2009).

Even if a reasonable jurist concluded that Petitioner did not waive any objection by failing to "pinpoint those portions of the magistrate's report that the district court must specifically consider," *Mira*, 806 F.2d at 637, Petitioner's objections are all unsupported and without merit. Simply put, Petitioner has advanced no objection that would warrant equitable tolling or an exception to the one-year statute of limitations. The Court declines to issue a certificate of appealability.

**IT IS SO ORDERED**.

Date:  September 23, 2016                   /s/ Paul L. Maloney
                                            Paul L. Maloney
                                            United States District Judge